KRUMP CONSTRUCTION COMPANY, INC., Appellant, *v.* FIRST NATIONAL BANK OF NEVADA, a National Banking Association, Respondent.

No. 13764

December 28, 1982                    655 P.2d 524

[Rehearing denied April 20, 1983]

*Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane,* Reno, for Appellant.

*John C. Smith,* Reno, for Respondent.

## OPINION

*Per Curiam*[1]:

In the case below, the parties stipulated to the following facts: On July 26, 1979, appellant Krump Construction Company (Krump) issued a check payable jointly to Sparks Overhead Door Company (Sparks) and Clopay Overhead Door

---

[1]JUSTICE JOHN C. MOWBRAY voluntarily disqualified himself from consideration of the case.

Company (Clopay). The check was delivered to an agent of Sparks. Four days later, respondent First National Bank (FNB) received the Krump check from Sparks. The check bore the endorsement of Sparks only. In exchange for the check, FNB issued to Sparks a cashier's check in the same amount payable to Clopay. Clopay did not have an account with FNB. The same day, FNB processed the check for collection and placed its "line endorsement" on it stating that prior endorsements were guaranteed. On August 8, 1979, FNB received the Krump check back from the drawee bank stamped "endorsement missing." Two days later, on August 10, FNB typed on the back of the Krump check "cashier's check issued for credit to Clopay Overhead Door Division—endorsement guaranteed," with the signature of the branch manager underneath. FNB again processed the check. On August 14, Krump telephoned the drawee bank in order to stop payment on the check, and, the following day, signed an order to that effect. On September 27, the drawee bank again returned the check to FNB with the notation, "payment stopped and endorsement missing." Throughout the sequence of events FNB had no contact with Clopay. Krump has personal defenses against both Sparks and Clopay.

On cross-motions for summary judgment the trial court found for respondent FNB. We now reverse.

The primary issue before this court is whether a collecting bank that becomes a possessor of a joint-payee check endorsed by one payee only may supply the missing endorsement of a non-customer payee in order to collect the check. For the reasons set forth below, we hold that it may not.

Banking transactions are governed by NRS Chapter 104. NRS 104.4205(1) states:

> A depositary bank which has taken an item for collection may supply any endorsement of the customer which is necessary to title unless the item contains the words "payee's endorsement required" or the like. In the absence of such a requirement a statement placed on the item by the depositary bank to the effect that the item was deposited by a customer or credited to his account is effective as the customer's endorsement.

NRS 104.4104(1)(e) defines "customer" as "any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank."

FNB argues that the above statutes allow it to supply the missing endorsement by simply agreeing to collect the check on

behalf of the payee whose endorsement is missing. FNB cites as authority Marine Midland Bank, N.A. v. Price, Miller, Evans & Flowers, 446 N.Y.S.2d 797, 32 U.C.C. Rep. 1162 (N.Y.App. Div. 1981). In a 3-2 decision, the court there allowed the bank to supply the missing endorsement of a party for whom the bank had "agreed to collect items" even though it had no account with the bank. The court found the party to be a customer within the intendment of the applicable code. In *Marine Midland Bank,* the stipulated facts reveal that although the customer did not have an account with the bank, cashing checks in the manner it did "was part of a course of conduct between the parties" and that the party initiated the business association and thereby became a "customer" of the bank. In the instant case, Clopay, the party whose missing endorsement the bank supplied, did not initiate interaction with the bank by seeking its services in any manner.

NRS 104.3116 requires that "[a]n instrument payable to the order of two or more persons: . . . (2) If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."

We hold, therefore, that a bank may not take a check issued to joint payees for collection unless all payees have endorsed it or are customers of the collecting bank. Agency authority to supply missing endorsements accrues only when a party becomes a customer of the bank.

We therefore conclude that the decision of the district court granting respondent summary judgment must be reversed.